IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 16-cv-02992 - LTB

RICARDO JAVIER NEVAREZ - BUSTILLOS,

Plaintiff,

v.

O.P.A. INC. and MARK OBROCHTA,

Defendants.

---

ORDER

---

This case is before me on Defendants' Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion for Summary Judgment [Doc # 23]. After consideration of the motion, all related pleadings, and the case file, I deny Defendants' motion pursuant to Fed. R. Civ. P. 56.

## I. Background

In this action, Plaintiff's Amended Complaint asserts a single claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act (the "FLSA"), 28 U.S.C. § 201, *et seq.,* based on his employment at Uncle Pizza in Glenwood Springs, Colorado from 2007/2008 to May 16, 2016. Defendant O.P.A., Inc. ("O.P.A.") operates Uncle Pizza, and Defendant Mark Obrochta ("Obrochta") is the sole owner of O.P.A.

Defendants argue that Plaintiff's claim under the FLSA fails because Uncle Pizza des not have the requisite $500,000 minimum annual gross volume of sales to establish enterprise liability under the FLSA. 29 U.S.C. § 203(s)(1)(a)(ii). My discussion of the facts will therefore be limited to those pertinent to a determination of this issue.

In support of their motion, Defendants have filed an affidavit from Obrochta. In this affidavit, Obrochta asserts that he is responsible for entering and maintaining all of Uncle Pizza's financial information and that Uncle Pizza's gross sales volume was less than $500,000 for every 12 month period from 2013 through May 16, 2016. *See* Doc # 25, ¶¶ 9-10. To support this assertion, Uncle Pizza's federal tax return for the years 2013, 2014, and 2015, and its profit and loss statement from January 1, 2016 through May 16, 2016 are attached to Obrochta's affidavit. *Id.* at Ex. A.

To counter Obrochta's affidavit, Plaintiff's Amended Complaint includes the following allegations:

> While employed by Defendants, Plaintiff worked 7 days a week at the Glenwood Springs Uncle Pizza. Doc # 21, ¶¶ 10, 15-17.
>
> Uncle Pizza employees, including Plaintiff, would record pizza orders in a book that produced three carbon copies for each order. The pink carbon copies were kept for bookkeeping purposes. *Id.* at ¶¶ 23-28.
>
> At the end of each of his evening shifts, Plaintiff was responsible for counting the money received and the number of order tickets written that evening at the Glenwood Springs Uncle Pizza and recording this information on a form. *Id.* at ¶¶ 29-30. Plaintiff would place the completed form plus all cash, order tickets, and receipts in Uncle Pizza's safe. *Id.* at ¶ 31.
>
> Plaintiff estimates that Uncle Pizza was paid in cash for 40 - 60% of its food sales during the evening shift. *Id.* at ¶ 33.
>
> Plaintiff asserts that he witnessed Obrochta shredding the pink copies of order tickets on numerous occasions, leading him to believe that Obrochta was pocketing the money from the cash sales instead of reporting it in Defendants' books or depositing it in a bank account. *Id.* at ¶ 34. Plaintiff also asserts that he overheard a conversation between Obrochta and his former business partner about "hiding cash" and that Defendants paid several employees in cash. *Id.* at ¶¶ 35 & 37.
>
> As a result of the money that he received and counted every evening at the Glenwood Springs Uncle Pizza, Plaintiff believes that Defendants received at least $500,000 in gross receipts annually. *Id.* at ¶ 38.

Plaintiff has attached an affidavit to his response to Defendants' motion that

asserts these same facts with some additional detail. *See* Doc #27, Ex. A.

## II. Standard of Review

Defendants seek the dismissal of Plaintiff's Amended Complaint pursuant to either Fed. R. Civ. P. 12(b)(6) or, alternatively, Fed. R. Civ. P. 56. The appropriate standard of review depends on my consideration of the affidavits and other documents outside the pleadings submitted by the parties.

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999). There are limited exceptions to this rule for (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice. *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010) (citations and internal quotation marks omitted). Because the affidavits and other financial documents document submitted by the parties do not fall within any of these exceptions, Defendants' motion is properly considered as one for summary judgment under Rule 56.

Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra*

*Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e). To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

## IV. Analysis

FLSA enterprise liability requires, among other things, that the employer have an annual gross volume of sales of not less than $500,000. 29 U.S.C. § 203(s)(1)(a)(ii). Obrochta's affidavit and the attached Uncle Pizza 2013-2015 federal tax returns and 2016 profit and loss statement provide strong evidence that Uncle Pizza did not meet this threshold in any of the years that Plaintiff alleges that he was not paid overtime. *See* Doc # 21, ¶ 20 ("For the past three years, [Plaintiff] averaged 61 hours per week in his employment with Defendants."). *See also* 29 U.S.C. § 255(a) (establishing three-year statute of limitations for willful violation of

the FLSA). The question is therefore whether Plaintiff's allegations that Defendants were underreporting Uncle Pizza's cash receipts are sufficient to create a genuine issue of material fact as to whether Uncle Pizza meets FLSA's threshold for enterprise liability despite Defendants' evidence to the contrary.

Viewing the evidence in the light most favorable to Plaintiff, I conclude that it would be premature to enter summary judgment in Defendants' favor on the issue of whether Uncle Pizza satisfies the $500,000 gross volume of sales threshold for FLSA enterprise liability. First, unlike the employer in some of the cases cited by Defendants, Uncle Pizza's own financial documents demonstrate that it was very close to, *i.e.* within $20,000 of, meeting FLSA's $500,000 threshold in each of the relevant years. *Compare Arilus v. Jospeh A. DiEmmanuele, Jr., Inc.,* 895 F. Supp. 2d 1257, 1262 (S.D. Fla. 2012) (plaintiffs' speculative beliefs not based on direct knowledge or experience with the financial practices of the business did not raise question of material fact that Defendants had unreported gross receipts of more than $70,000 in 2007, more than $136,000 in 2008, or more than $248,000 in 2009); *Lopez v. Top Chef Inv., Inc.,* 2007 WL 4247646 at * 3 (S.D. Fla. Nov.30, 2007) (conclusory assertion by plaintiff who only worked in kitchen as a cook that defendant understated their income on their federal tax return by over $440,000 insufficient to defeat summary judgment motion on enterprise liability).

In addition, while his credibility may be a matter of dispute, Plaintiff has averred that he was personally responsible for counting the money earned during every evening shift at the Glenwood Springs Uncle Pizza during his employment there and that he has personal knowledge of behavior by Obrochta that supports his assertion that Uncle Pizza was underreporting the cash that it received. Plaintiff's involvement with the finances of Uncle Pizza also distinguishes this case from legal authority cited by Defendants. *Compare Arilus, supra; Lopez, supra.*

Although Plaintiff's evidence regarding Uncle Pizza's gross annual volume of sales is relatively weak, I conclude that it is nonetheless sufficient at this stage in the proceedings where Plaintiff has not had an opportunity to conduct discovery to bolster his contention that Uncle Pizza qualifies for FLSA enterprise liability. *See Ramos v. Goodfellas Brooklyn's Finest Pizzeria,* 2008 WL 4613059 at *3 (S.D. Fla. Oct. 15, 2008) (denying defendants' motion for summary judgment without prejudice and allowing plaintiff to conduct discovery to develop evidence that defendants qualified as an enterprise for FLSA purposes). By the same token, discovery may bolster Defendants' contention that Plaintiff's allegations regarding Uncle Pizza's annual gross volume of sales are without merit. In any event, Defendants are not entitled to summary judgment that Uncle Pizza does not qualify for FLSA enterprise liability at present.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1. Defendants' Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion for Summary Judgment [Doc # 23] is DENIED pursuant to Fed. R. Civ. P. 56; and

2. Nothing in this Order shall preclude Defendants from filing a subsequent dispositive motion on the issue of their enterprise liability under FLSA if appropriate.

Dated: June 19, 2017 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE